NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLOSEOUT SURPLUS & SALVAGE CSS, INC., d/b/a SHARPER PRICES,<br><br>Plaintiff,<br><br>v.<br><br>SEARS OUTLET STORES, LLC and JOHN DOES 1-10, and XYZ CORP., 1-10,<br><br>Defendants. | Action No. 2:17-cv-0104 (KSH)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on the motion for leave to file a second amended complaint filed by Plaintiff Closeout Surplus & Salvage CSS, Inc., d/b/a Sharper Prices ("Plaintiff") and Defendant Sears Outlet Stores, LLC's ("Sears") opposition thereto. (ECF Nos. 33, 36-37.)[1] Plaintiff seeks to amend its complaint to add a cause of action under Section 43(a) of the Lanham Act. The Court declined to hear an oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and, for the reasons set forth below, Plaintiff's motion is granted.

## I.   Background

Plaintiff instituted this suit with respect to its distribution of the "Glow Bright," a device which projects multi-colored laser lights and is used during the holiday season to provide lighting on the exterior of homes. (Am. Compl., ECF No. 18, ¶ 4.) Creative Concepts, a nonparty to this action, manufactures multiple versions of the Glow Bright, including a version with a tripod and remote control that Plaintiff allegedly has an exclusive right to sell online. (*Id.*) Creative Concepts

---

[1] References use page numbers assigned by CM/ECF.

also sold a version of the Glow Bright to Defendant Sears without the tripod and remove control. (*Id.*, ¶ 11.)

On December 7, 2016, Plaintiff filed a complaint against Defendants Sears and John Does 1-10, and XYZ Corp., 1-10 in the Superior Court of New Jersey, Morris County. (Notice of Removal, Exhibit 1, ECF No. 1-2, at 2.) On January 6, 2017, Plaintiff removed the matter to this Court. (Notice of Removal, ECF No. 1.) In response, Sears filed a motion to dismiss for Plaintiff's failure to state a plausible cause of action. (Mem. of Law, ECF No. 10-1 at 9.) Plaintiff then filed its first amended complaint alleging that "Sears was advertising a Glow Bright with tripod and remote control online, contrary to CSS' exclusive right[,]" alleging that Sears' advertising of the Glow Bright was "inaccurate and misleading[,]" and asserting violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, tortious interference, and business intentionally interfered with by an outsider. (Am. Compl., ECF No. 18.) On June 2, 2017, Sears filed a 12(b)(6) motion to dismiss the amended complaint for failure to state a claim. (Motion, ECF No. 27.) Plaintiff filed an opposition to Sears's motion to dismiss on June 19, 2017, as well as a cross motion to amend the complaint. (Notice of Cross Mot., ECF No. 28-1.) Consistent with a June 27, 2017 telephone conference held with this Court, the parties withdrew their pending motions, and briefed the instant dispute in accordance with the Court's briefing schedule. (Order, ECF No. 32.)

**II.     Discussion**

A party may amend a pleading "once as a matter of course within A) 21 days after serving it, or B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ.P. 15(a). Otherwise, a party may amend its pleadings with the Court's leave when justice so requires, and it is within the Court's sound discretion to grant or deny a request

for leave to amend. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Though the policy concerning amendment is not unbounded, leave to amend is freely given and the Court takes a liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on the merits. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984), cert. denied, 469 U.S. 871 (1984). Leave to amend may be denied on account of undue delay, bad faith, dilatory motive, prejudice, or futility. *Foman*, 371 U.S. at 182. Leave to amend may also be denied based on repeated failure to cure deficiencies by amendments previously allowed. *Id.*

In its motion, Plaintiff seeks to add a claim under Section 43(a) of the Lanham Act. (Motion, ECF No. 35-1 at 4; Prop. Am. Compl., ECF No. 35-2, ¶¶ 49-52.) Plaintiff emphasizes that, because "[d]iscovery has not yet begun in the matter, therefore there is no undue delay or prejudice to Sears[,]" and asserts that its proposed Lanham Act claim is not futile. (Motion, at 8-10.)

In opposition, Sears argues that Plaintiff's motion to amend should be denied based on Plaintiff's dilatory conduct, undue delay, prior amendments, and because Sears has been prejudiced. (Opp., ECF No. 36 at 9-13.) Sears contends that Plaintiff's cause of action under the Lanham Act originates from the same operative facts upon which its original complaint was based, and Plaintiff should have included the cause of action in either the original complaint or the first amended complaint. (*Id.*, at 11.) According to Sears, Plaintiff's failure to include the cause of action for the Lanham Act demonstrates dilatory conduct and undue delay. (*Id.*) Furthermore, Sears argues that Plaintiff would be provided with an improper third "bite at the apple" if the Court grants Plaintiff leave to amend its complaint again, and Sears would thus be prejudiced by Plaintiff's dilatory conduct and inability to decide what claims to assert. (*Id.*, at 12.) Sears has

purportedly incurred mounting legal fees as a result of being repeatedly compelled to move to dismiss Plaintiff's baseless claims. (*Id*., at 13.) Otherwise, as previously indicated to the Court, Sears does not oppose the motion to amend on the basis of futility, and reserves the right to move to dismiss the Lanham Act claim if Plaintiff's motion to amend is granted. (*Id*.)

In analyzing whether there was undue delay for purposes of a motion to amend a complaint, the Court must focus on a plaintiff's motives for not amending the complaint to assert a given claim earlier, and "the issue of prejudice requires that [the Court] focus on the effect on the defendants." *Adams v. Gould Inc.*, 739 F.2d 858, 868 3d Cir. 1984) (citations omitted). "The passage of time, without more, does not require that a motion to amend a complaint be denied[.]" *Id.*

A careful review of the docket reveals that here, there was no undue delay, dilatory conduct, or bad faith in Plaintiff's attempt to amend the complaint. In particular, the parties are not yet engaged in initial discovery and the amendment will not delay bringing the case to trial. In support of their opposition, Sears cites *Panetta v. SAP Am., Inc.,* 294 F. App'x 715 (3d Cir. 2008), where the Court denied the plaintiff's motion to amend. However, the facts in *Panetta* are distinguishable as the plaintiff in that case filed the motion to amend after the close of discovery. *Id.*, at 718. Because fact discovery in *Panetta* was over, allowing Plaintiff to assert a new claim "at such a late stage in litigation would deprive the defendants of discovery or require them to repeat processes that were already complete." *Id.*, at 718. Again, here the case is in its infancy and there is no evidence of untoward conduct on Plaintiff's part; rather, the parties have actively litigated the matter thus far in good faith and no appreciable delays have occurred.

And, even though the Court does share Sears' concern for the efficient conduct and swift resolution of this case, those interests must be balanced with the Court's responsibility to assure

that a particular claim will be decided on the merits. *See Dole*, 921 F.2d at 487. Although the Third Circuit has emphasized that prejudice to the non-moving party is the touchstone of the denial of an amendment, the non-moving party cannot merely claim prejudice, but "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered [. . .] had the amendments been timely." *Bechtel v. Robinson*, 886 F. 2d 644, 652 (3d Cir. 1989) (citations omitted). Simply put, Sears has failed to offer specific evidence of prejudice or any other applicable factor that would warrant denial of the instant motion. Plaintiff's ongoing attempts to perfect the operative pleading offer little more than slight inconvenience and inefficiency in such early stages of the case.

In light of the foregoing, the court affords Plaintiff leave to file an amended complaint.

**ACCORDINGLY, IT IS** on this 10th day of August, 2017,

**ORDERED** that Plaintiff's motion (ECF Nos. 33, 35) is granted; and

**ORDERED** that the Clerk shall terminate ECF Nos. 33 and 35; and

**ORDERED** that Plaintiff shall file an amended complaint consistent with this Order within fourteen (14) days.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**